UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JONATHON JOHNSON**                                    **CIVIL ACTION**

**VERSUS**                                              **NO: 05-1943**

**BURL CAIN, WARDEN**                                   **SECTION: "K"(1)**

### ORDER AND REASONS

Before the Court is the Motion for Reconsideration (Rec.Doc.No. 27) of the Order and Reasons (Rec.Doc.No. 25) denying the Section 2254 Habeas Corpus Petition (Rec.Doc.No. 1) of Jonathan Johnson. Petitioner sought relief from a sentence imposed by a Louisiana State Court in connection with his conviction for armed robbery in violation of La. Rev. Stat. Ann. § 14:64. After reviewing the pleadings, the state court record, and applicable law, the Court hereby denies Petitioner's motion for the reasons assigned herein.

This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Peterson v. CIGNA Group Ins*., 2002 WL 1268404, at *2. The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly," *id*., (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d § 2810.1, p.124; *Fields v. Pool Offshore, Inc*., 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995), and the Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id*. (*quoting Southern Contractors Group, Inc., v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir.1993)).

In the instant motion to reconsider, Petitioner reasserts his argument that the state court improperly denied his motion for mistrial. Specifically, Petitioner argued that was denied his right to compulsory process because he was denied the opportunity to call two police officers as fact witnesses during his trial. This Court found that Petioner's contention did not "even establish a *prima facie* case for a violation of the Six Amendment as there is no allegation that the witnesses would have testified in Petitioner's favor." *See* Order and Reasons, at p. 10 (Rec.Doc.No. 25).

In the instant motion Petitioner argues the following:

> [T]he exclusion of officers Keith Lacasio and Mike Ocman's testimony knowledge of material facts in the case was not mere evidentiary error. It was of constitutional dimension. The ruling went to the heart of the defense. Petitioner's sole defense was that he was erroneously gathered up in a faulty dragnet, when the other man escaped. The success of the defense depended entirely on presenting his defense witnesses and the jury believing "Jonathan Evans" was the accomplice with Robert Chambliss."

*See* Mot. Recons., at p. 7 (Rec.Doc.No. 27).

The Court finds that this allegation is merely a restatement of what was posited in Petitioner's Objections, which was addressed in the Court's original order. Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Rec.Doc.No. 27) is hereby **DENIED**.

New Orleans, Louisiana, on this  14th  day of June, 2007.

  _____
  **STANWOOD R. DUVAL, JR.**
  **UNITED STATES DISTRICT COURT JUDGE**